IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCIS VILKOFSKY, JR,

      Plaintiff,

v.                                                       Civil Action No.

RUSHMORE LOAN SERVICING, LLC,
SPECIALIZED LOAN SERVICING,
LLC, and U.S. BANK, N.A.,

      Defendants,               **JURY TRIAL DEMANDED**

## COMPLAINT

AND NOW comes Plaintiff, Francis Vilkofsky, Jr, by and through his attorney, John Newborg, Esquire, and files the following Complaint against Rushmore Loan Servicing, LLC, Specialized Loan Servicing, LLC, and U.S. Bank, N.A., averring as follows:

## INTRODUCTION

1. This is an action by Plaintiff Francis Vilkofsky, Jr ("Plaintiff") against Defendants Rushmore Loan Servicing LLC ("Rushmore"), Specialized Loan Servicing LLC ("SLS") and U.S. Bank, N.A. (and collectively "Defendants") for statutory damages, actual damages, and punitive damages for the Defendants' violations of the Real Estate Settlement Procedures Act (12 U.S.C. §2601, et seq.), the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.), the Truth-In-Lending Act, (15 U.S.C. § 1601 et seq.), the Pennsylvania Unfair Trade Practices and Consumer Protection Act, (73 P.S. § 201-1, et seq.), Breach of Contract and for an Accounting.

1

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 12 U.S.C. § 2614, 15 U.S. C. § 1640 and 28 U.S.C. § 1332.

3.      Venue in this District is proper in that each Defendant transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4.      Plaintiff Francis Vilkofsky, Jr is a natural person residing in the City of McKeesport, County of Allegheny, State of Pennsylvania and is the owner of the real estate located at 1017 Schweitzer Road, McKeesport, Pennsylvania 15135. At all times relevant in this Complaint, Plaintiff resided at this location.

5.      Defendant Rushmore is a limited liability company incorporated under the laws of the State of Delaware that maintains its principal place of business at 2711 Centerville Road, Wilmington, DE 19808. Upon belief Rushmore acts as a mortgage servicer in various states including servicing mortgages for citizens of Pennsylvania.

6.      Defendant Specialized Loan Servicing (SLS) is a limited liability company incorporated under the laws of the State of Delaware that maintain its principal place of business at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129-2386. Upon belief SLS acts as a mortgage servicer in various states including servicing mortgages for citizens of Pennsylvania.

7.     Both Rushmore and SLS are "debt collectors" as that term is defined in the FDCPA as both Rushmore and SLS began servicing the Plaintiff's mortgage loan at a time of default.  SLS additionally is a debt collector as at all times relevant therein to their servicing, SLS has explicitly and impliedly acted as a debt collector in regards to all correspondence between SLS and the Plaintiff

8.     At all relevant times, both Rushmore and SLS conducted business as a "mortgage servicer" as that phrase is defined by the Real Estate Settlement Procedures Act.

9.     U. S. Bank National Association is a bank doing business in the Commonwealth of Pennsylvania with a principal office located at 425 Walnut Street, Cincinnati, OH  45202 and is also a debt collector.

## FACTUAL ALLEGATIONS

10.    The Plaintiff incorporates by reference all allegations stated above as if fully contained herein.

11.    On January 18, 2011 Wells Fargo Bank in the Court of Common Pleas of Allegheny County, at MG-11-114 commenced a mortgage foreclosure action against the Plaintiff alleging that the Plaintiff was in default of the mortgage Wells Fargo Bank held on the Plaintiff's residence.

12.    The mortgage foreclosure action was settled by a January 3, 2013 mortgage modification agreement between Plaintiff and Defendant which agreement stated that that the balance on the mortgage loan was $137,975.97.  Attached hereto and Marked Exhibit "A" is a copy of the Modification Agreement.

13. Pursuant to said Agreement, commencing on January 1, 2013, the Plaintiff's monthly payment was to be $582.98, not including money to be paid into a tax escrow account.

14. At the same time as the modification was entered into, the servicing of the loan was transferred from SLS to Rushmore, and Rushmore set the monthly payment at $959.39 with principal and interest at $582.98 and $376.41 for tax escrow.

15. Rushmore, during the time it serviced the mortgage, altered the monthly payment from $959.39 to $1,022.72 to $1,080.00 then back to $1,022.72.

16. Plaintiff made and Rushmore accepted all his mortgage payments to Rushmore for calendar year 2013.

17. In 2014 Plaintiff made all his monthly mortgage payments to Rushmore including August of 2014.

18. For unknown reasons, Rushmore returned Plaintiff's August payment.

19. By letters dated September 3, 2014, September 12, 2014 and September 30, 2014 Plaintiff asked Rushmore why the August check was returned. Attached hereto and Marked Exhibits "B," "C," and "D" respectively are copies of the September 3, 2014 letter, September 12, 2014 letter and the September 30, 2014 letter.

20. By letter dated October 16, 2014, Plaintiff asks Rushmore again why his August check was returned and he asks why Rushmore is holding an excess of money for taxes and why Rushmore has received checks which they have not cashed and why payments he has sent in are being placed suspended funds account. Attached hereto and Marked Exhibit "E" is a copy of the October 16, 2014 letter.

21. By letter dated October 23, 2014, Rushmore purported to be responding to the Plaintiff's letters, but the letter did not state why the August payment was returned.

22. Also, the October 23, 2014 Rushmore letter stated erroneously that the Plaintiff's account was 3 months in arrears. Attached hereto and Marked Exhibit "F" is a copy of the October 23, 2014 letter.

23. By letter dated November 28, 2014 Plaintiff asks Rushmore the following questions:

(a) Why was the August 2014 check returned;

(b) Why was the November 2014 check returned, when the September and October payments were cashed;

(c) Why is money being placed in a suspension account;

(d) Why was there an increase in the monthly payment, and;

(e) Why was Rushmore threatening foreclosure.

Attached hereto and Marked Exhibit "G" is a copy of the November 28, 2014 letter.

24. Rushmore provided no adequate responses to the November 28, 2014 inquiries.

25. In December 2014, January 2015 and February 2015, Rushmore returned the Plaintiff's mortgage payments.

26. On February 27, 2015, Plaintiff asked why the August 2014 check was returned, why the November 2014 check was never cashed, why there is money in a suspended funds account, and why was the tax escrow account increased. Attached hereto and marked Exhibit "H" is a copy of the February 27, 2015 letter.

27. By letter dated April 16, 2015, Rushmore failed to answer the following questions:

    (a) Why was the tax escrow increased;

    (b) Why was money placed in a suspense account as opposed to being used as a payment of principal, interest and tax escrow;

    (c) Why was the November 2014 payment returned.

Attached hereto and marked Exhibit "I" is a copy of the April 16, 2015 Rushmore letter.

28. By letter dated May 27, 2015, Plaintiff asks Rushmore why it is holding 11 mortgage payment checks that have not been cashed and also asks Rushmore to explain why Rushmore claims Plaintiff owes 13 payments when he has proof that he would be current if Rushmore's had cashed his checks. Attached hereto and Marked Exhibit "J" is a copy of the May 27, 2015 letter.

29. Plaintiff continued to make written inquiries to Rushmore regarding their mistaken accounting, their failure to cash checks, their misapplication of funds, and their errors with respect to the escrow account up until Rushmore discontinued servicing his loan on December 28, 2015.

30. By the time Rushmore discontinued servicing the loan, Rushmore had wrongfully failed to negotiate 13 of the Plaintiff's monthly payments, and never adequately answered Plaintiff's numerous inquiries.

31. Further Rushmore applied late charges to payments that were paid timely.

32. After servicing of the mortgage returned to SLS the Rushmore's excessive tax escrow was eliminated and the monthly payment became $969.63.

33. After December 28, 2015 Plaintiff has continued to make timely monthly payments to SLS, however, SLS has refused to cash any of the checks.

34. By letter dated May 9, 2016, Plaintiff asked SLS to explain why it had not cashed his last 5 payments, why it was holding money in a suspension account, how he could be in arrears in his tax escrow account and why he was being charged late fees. Attached hereto and marked Exhibit "K" is a copy of the letter dated May 9, 2016.

35. In response to the letter of May 9, 2016, SLS sent a letter to Plaintiff dated June 13, 2016 which did not answer any of the question posed in the Plaintiff's letter but merely said," According to our records the account balance and payments are correct." Attached hereto and marked Exhibit "L" is a copy of the letter dated June 13, 2016.

36. In addition, in response to Plaintiff's Request, SLS provided a statement of mortgage payments and allocations with respect to the Plaintiff's account, which statement is incomprehensible. Attached hereto and Marked Exhibit "M" is a copy of the statement.

37. SLS applied late charges to payments that were paid timely.

38. Both Rushmore and SLS have imposed on the Plaintiff unnecessary, excessive, obtrusive and harassing home inspections, which the Plaintiff has repeatedly, but futiley, asked both Rushmore and SLS to stop.

## COUNT I

**REAL ESTATE SETTLEMENT PROCEDURES ACT - RUSHMORE**

39. The Plaintiff incorporate by reference all allegations contained in the preceding paragraphs as if fully contained herein.

40. Rushmore is a servicer of a "federally related mortgage loan" as that term is defined by RESPA.

41. 12 C.F.R. 1024.35(e)(1) provides that a servicer must respond to a notice of error by either "correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or "conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance"

42. 12 C.F.R. §1024.35(e)(3)(i)(C) provides that, in regards to a notice of error submitted pursuant to 12 C.F.R. §1024.35(b)(9) a servicer must comply with 12 C.F.R. §1024.35(e)(1) no later than thirty (30) days, excluding legal public holidays, Saturdays, and Sundays, after the servicer's receipt of the applicable notice of error.

43. Plaintiff's letters referenced above are Qualified Written Requests as defined by RESPA and Notices of Errors.

44. Rushmore's actions in failing to acknowledge all errors raised by Plaintiff, in failing to correct the errors, in failing to consistently respond within 30 days of receiving a Notice of Error, in failing to respond to issues raised in the Notice of Error, in failing to provide a understandable reason for a determination constitute violations of 12 U.S.C. § 1024.35(e).

45. Rushmore's actions demonstrate a pattern and practice of behavior in clear disregard to Plaintiff's rights.

46. As a result of Rushmore's actions, Rushmore is liable to the Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### TRUTH IN LENDING ACT, 15 USC §1601 et seq. - RUSHMORE

47. Paragraphs 1 through 46 above are hereby incorporated by reference.

48. As a servicer of home mortgage loans Rushmore is governed by the Truth in Lending Act, 15 USC §1601 et seq.

49. Pursuant to 12 CFR 1026.36(c) of the Truth-In-Lending regulations a servicer of a home mortgage violates the Truth-In-Lending Act by failing to credit a payment to the Defendant's loan account as of the date of receipt of the payment. or assesses a late fee on a timely payment

50. Pursuant to 12 CFR 1026.36(c) of the Truth-In-Lending regulations a servicer of a home mortgage violates the Truth-In-Lending Act by assessing a late fee on a timely payment.

51. Pursuant to 12 CFR 1026.36(c) of the Truth-In-Lending regulations a servicer of a home mortgage violates the Truth-In-Lending Act by failing to provide an "accurate" statement of the outstanding balance upon request.

WHEREFORE, Defendant demands judgment against the Plaintiff for violating The Truth-In-Lending Act and seeks statutory damages, plus costs and attorneys fees.

## COUNT III

## BREACH OF CONTRACT - RUSHMORE

52. The Plaintiff reincorporates all allegations as if fully contained herein.

53. At all relevant times of servicing, the Plaintiff and Rushmore had a binding contract since Rushmore was the servicer of Plaintiff's Mortgage loan from January 1, 2013 to December 28, 2016.

54. Rushmore had a duty to apply contractually made payments by the Plaintiff to Interest, Principal, and Escrow Balances.

55. Rushmore has refused to timely and properly process the Plaintiff's payments.

56. Rushmore has improperly assessed late fees.

57. Rushmore has imposed on the Plaintiff fees for unnecessary, excessive and harassing home inspections.

58. Rushmore's failure to timely and properly process and properly allocate the Plaintiff's payments and its imposition of inappropriate fees is a breach of contract.

59. Rushmore's breach of contract caused the Plaintiff the economic damage of having to hire counsel to straighten out the errors in the allocation of the mortgage payments.

60. The Plaintiff is therefore entitled to receive actual damages in a total amount to be determined at trial.

## COUNT IV

**FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §1692 et seq. - RUSHMORE**

61. Paragraphs 1 through 60 are hereby incorporated by reference.

62. Rushmore is a debt collector as that term is defined in the Fair Debt Collection Practices Act, 15 USC §1692a (6).

63. Rushmore has violated the FDCPA by attempting to collect fees, and charges and expense incidental to the principal obligation that are not authorized by the agreement creating the debt or permitted by law.

64. Rushmore has violated the FDCPA by misrepresenting the amount of the debt.

65. Rushmore has violated the FDCPA by has imposed on the Plaintiff an unnecessary regimen of excessive and obtrusive and harassing home inspections to force the Plaintiff to acknowledge a debt which he does not owe.

WHEREFORE, Plaintiff demands judgment against the Rushmore for violating the FDCPA and seeks statutory damages, plus costs and attorneys fees.

## COUNT V

**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, 73 P.S. §201-1 et seq - RUSHMORE**

66. Paragraphs 1 through 65 are hereby incorporated by reference.

67. Rushmore is a provider of services within the Commonwealth of Pennsylvania and is subject to the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201-1 et seq.

68.     Rushmore's conduct as described above constitutes unfair and deceptive practices prohibited by the UTPCA.

WHEREFORE, Defendant demands judgment against the Plaintiff for violating the UTPCA and seeks statutory damages, plus costs and attorneys fees.

## COUNT V

### ACCOUNTING - RUSHMORE

69.     Paragraphs 1 through 68 are hereby incorporated by reference.

70.     Plaintiff seeks an understandable and accurate accounting of his loan where all payments are properly applied and no improper or illegal charges are assessed.

WHEREFORE, Defendant demands an accounting

## COUNT VI

### REAL ESTATE SETTLEMENT PROCEDURES ACT - SLS

71.     The Plaintiff incorporate by reference all allegations contained in the preceding paragraphs as if fully contained herein.

72.     SLS is a servicer of a "federally related mortgage loan" as that term is defined by RESPA.

73.     12 C.F.R. 1024.35(e)(1) provides that a servicer must respond to a notice of error by either "correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance"

or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance"

74. 12 C.F.R. §1024.35(e)(3)(i)(C) provides that, in regards to a notice of error submitted pursuant to 12 C.F.R. §1024.35(b)(9) a servicer must comply with 12 C.F.R. §1024.35(e)(1) no later than thirty (30) days, excluding legal public holidays, Saturdays, and Sundays, after the servicer's receipt of the applicable notice of error.

75. SLS's actions in failing to acknowledge all errors raised by Plaintiff, in failing to correct the errors, in failing to consistently respond within 30 days of receiving a Notice of Error, in failing to respond to issues raised in the Notice of Error, in failing to provide a understandable reason for a determination constitute violations of 12 U.S.C. § 1024.35(e).

76. SLS's actions in failing to acknowledge all errors raised by Plaintiff, in failing to correct the errors, in failing to consistently respond within 30 days of receiving a Notice of Error, in failing to respond to issues raised in the Notice of Error, in failing to provide a understandable reason for a determination constitute violations of 12 U.S.C. § 1024.35(e).

77. SLS's actions demonstrate a pattern and practice of behavior in clear disregard to Plaintiff's rights.

78. As a result of SLS's actions, SLS is liable to the Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT VII

### TRUTH IN LENDING ACT, 15 USC §1601 et seq.-SLS

79. Paragraphs 1 through 78 above are hereby incorporated by reference.

80. As a servicer of home mortgage loans SLS is governed by the Truth in Lending Act, 15 USC §1601 et seq.

81. Pursuant to 12 CFR 1026.36(c) of the Truth-In-Lending regulations a servicer of a home mortgage violates the Truth-In-Lending Act by Failing to credit a payment to the Defendant's loan account as of the date of receipt.

82. Pursuant to 12 CFR 1026.36(c) of the Truth-In-Lending regulations a servicer of a home mortgage violates the Truth-In-Lending Act by assessing a late fee on a timely payment.

83. Pursuant to 12 CFR 1026.36(c) of the Truth-In-Lending regulations a servicer of a home mortgage violates the Truth-In-Lending Act by failing to provide an "accurate" statement of the outstanding balance upon request.

WHEREFORE, Defendant demands judgment against the Plaintiff for violating The Truth-In-Lending Act and seeks statutory damages, plus costs and attorneys fees.

## COUNT VIII

## BREACH OF CONTRACT - SLS

84. The Plaintiff reincorporates all allegations as if fully contained herein.

85. At all relevant times of servicing, the Plaintiff and SLS had a binding contract since SLS was the servicer of Plaintiff's Mortgage loan from January 1, 2016 to the present.

86. SLS had a duty to apply contractually made payments by the Plaintiff to Interest, Principal, and Escrow Balances.

87. SLS has refused to timely and properly process the Plaintiff's payments.

88. SLS has improperly assessed late fees.

89. SLS has imposed on the Plaintiff fees for unnecessary, excessive and harassing home inspections.

90. SLS's failure to timely and properly process and properly allocate the Plaintiff's payments is a breach of contract.

91. SLS's breach of contract caused the Plaintiff the economic damage of having to hire counsel to straighten out the errors in the allocation of the mortgage payments.

92. The Plaintiff is therefore entitled to receive actual damages in a total amount to be determined at trial, reasonable attorney's fees and costs.

## COUNT IX

### FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §1692 et seq. - SLS

93. Paragraphs 1 through 92 are hereby incorporated by reference.

94. SLS is a debt collector as that term is defined in the Fair Debt Collection Practices Act, 15 USC §1692a (6).

95. SLS has violated the FDCPA by attempting to collect fees, and charges and expense incidental to the principal obligation that are not authorized by the agreement creating the debt or permitted by law.

96. SLS has violated the FDCPA by misrepresenting the amount of the debt.

97. SLS has violated the FDCPA by has imposed on the Plaintiff an unnecessary regimen of excessive and obtrusive and harassing home inspections to force the Plaintiff to acknowledge a debt which he does not owe.

WHEREFORE, Plaintiff demands judgment against SLS for violating the FDCPA and seeks statutory damages, plus costs and attorneys fees.

## COUNT X

### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, 73 P.S. §201-1 *et seq.* - SLS

98. Paragraphs 1 through 97 are hereby incorporated by reference.

99. SLS is a provider of services within the Commonwealth of Pennsylvania and is subject to the Pennsylvania Unfair Trade Practices and Consumer Protection Act, , 73 P.S. §201-1 *et seq.*

100. SLS's conduct as described above constitutes unfair and deceptive practices prohibited by the UTPCA.

WHEREFORE, Plaintiff demands judgment against SLS for violating the UTPCA and seeks statutory damages, plus costs and attorneys fees.

## COUNT XI

## ACCOUNTING - SLS

101. Paragraphs 1 through 100 are hereby incorporated by reference.

102. Plaintiff seeks an understandable and accurate accounting of his loan where all payments are properly applied and no improper or illegal charges are assessed.

WHEREFORE, Defendant demands an accounting.

## U.S. BANK, N.A.

103  Paragraphs 1 through 102 are hereby incorporated by reference.

104. From May 17, 2013 to the February 1, 2016, RMAC Trust Series 2013-IT, by U. S. Bank, N.A., Trustee, held the mortgage and note with respect to Plaintiff's mortgage loan.

105. From May 17, 2013 to the February 1, 2016, RMAC Trust Series 2013-IT, by U. S. Bank, N.A., Trustee, utilized Rushmore and SLS as its authorized agents to collect and allocate mortgage payments.

106. On February 1, 2013 RMAC Trust Series 2013-IT, by U. S. Bank, N.A., Trustee assigned the mortgage and note to 2013-M4 Legal Title Trust, by U.S. Bank, Trustee.

107. From February 1, 2016 to the present 2013-M4 Legal Title Trust, by U.S. Bank, Trustee, utilized SLS as its authorized agent to collect and allocate mortgage payments.

108. Pursuant to the doctrine of *Respondeat Superior*, U.S. Bank, N.A. in its capacity as Trustee for the two entities referenced above, is liable for the actions of Rushmore and SLS, since Rushmore and SLS at all time relevant hereto, were acting as the authorized agents of U.S. Bank, N.A.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth his claims for relief against Defendants Rushmore, SLS and Mellon Bank, N.A. respectfully prays of this Court as follows:

A. That the Plaintiff recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

B. That the Plaintiff recover against the Defendants a sum to be determined by the Court in the form of actual damages;

D. That the Plaintiff recover against the Defendants all reasonable legal fees and expenses incurred by his attorney; and

E. That the Court enter an Order stating the accurate current balance of the subject loan.

F. Such other and further relief as the Court may deem just and proper, including, but not limited to, an order directed to the Defendants to accept each and every check previously sent to Defendants, and apply the checks to principal, interest and reimbursement for actual tax payments made by Defendants.

Respectfully submitted,

By: S/John Newborg
John Newborg, Esq.
Pa. I.D. No. 22276
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
(412) 281-1106
newborglaw@gmail.com